UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0100-JMS-DML |
| | ) | |
| DAVID DAVIS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 20, 2021, and January 3, 2022 and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 7, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 7, 2022, defendant David Davis appeared in person with his appointed counsel, Sam Ansell. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Travis Buehrer who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Davis of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Davis questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Davis and his counsel, who informed the court they had reviewed the Petition and that Mr. Davis understood the violations alleged. Mr. Davis waived further reading of the Petition.

3. The court advised Mr. Davis of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Davis was advised of the rights he would have at a preliminary hearing. Mr. Davis stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Davis of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Davis, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must refrain from any unlawful use of a controlled substance."** |

>   > On the following dates, Mr. Davis submitted urine samples that tested positive for methamphetamine: September 8, 2020, January 11, 2021, January 26, 2021, February 11, 2021, February 18, 2021, February 25, 2021, April 2, 2021, April 28, 2021, and May 12, 2021.
>
> 2   **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation int eh program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**
>
>   > On the following dates, Mr. Davis failed to attend treatment sessions at Take Back Control as required: March 11, 2021, November 11, 2021, November 18, 2021, December 2, 2021, December 9, 2021, and December 16, 2021.

6. Government orally moved to withdraw violation numbers 3, 4, 5, 6, and 7 and the same was granted.

7. The court placed Mr. Davis under oath and directly inquired of Mr. Davis whether he admitted Violation Numbers 1 and 2 of his supervised release set forth above. Mr. Davis admitted the violations as set forth above.

8. The parties and the USPO further stipulated:

    (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Davis's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of Mr. Davis's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of ten (10) months with no supervised release to follow. The court finds that recommendation reasonable under the relevant circumstances.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, DAVID DAVIS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of ten (10) months with no supervised release to follow.

Counsel for the parties and Mr. Davis stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Davis entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Davis's supervised release, imposing a sentence of ten (10) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 1/18/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system